# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL MARSH, : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 18-CV-3576 |
| : | |
| SUPERINTENDENT CYNTHIA : | |
| LINK, *et al.*, : | |
|     Defendants. : | |

## MEMORANDUM

**Rufe, J.**                                                                                                   **September 14, 2018**

*Pro se* Plaintiff Daniel Marsh, an inmate currently incarcerated at SCI Phoenix, filed this civil action pursuant to 42 U.S.C. § 1983 against Superintendent Cynthia Link and Melissa Delliponti regarding events that occurred during his incarceration at SCI Graterford. (ECF No. 1.) He has also filed two Motions for Leave to Proceed *In Forma Pauperis*. (ECF Nos. 4, 5.) For the following reasons, the Court will grant Marsh leave to proceed *in forma pauperis* and dismiss his claims without prejudice and with leave to amend.

## I.     FACTS

Marsh previously worked in the kitchen at SCI Graterford, where he "handwashed and dumped over 1,000 trays for both A-Block and B-Block on a regular basis." (Compl. at 6.)[1] Exhibits attached to Marsh's Complaint show that on August 18, 2016, a staff member gave him an order to wash E-Block's trays. (*Id.* at 13.) Marsh refused, "stating his job was completed." (*Id.*) The officer told Marsh to leave the kitchen. (*Id.*) Marsh was removed from his work assignment that same day. (*Id.*) He contends that Delliponti removed him from his work

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

assignment "without justification" and prior to a hearing. (*Id.* at 4-5.) He also claims that he did not receive pay "for work perform[ed] in July to Aug[ust] 2016," and that she reduced his pay grade to $0.19 per hour. (*Id.* at 4, 28.)

Marsh appeared before Hearing Examiner J. Yodis for a disciplinary hearing on August 23, 2016. (*Id.* at 15.) Yodis found Marsh guilty of refusing to obey an order, reduced the charge to a class 2 offense, and imposed a sanction of "14 days loss of job." (*Id.* at 15-16.) Marsh appealed, and the Program Committee upheld Yodis's determination on August 30, 2016. (*Id.* at 17.) Marsh appealed to Superintendent Link, who upheld the decision on September 14, 2016. (*Id.* at 18.) Chief Hearing Examiner Joseph Dupont upheld the decision on October 12, 2016. (*Id.* at 19.)

Marsh filed several grievances about the loss of his job, all of which were denied. Superintendent Link was involved in the review of his grievances. (*See id.* at 24.) On March 1, 2018, Marsh wrote a letter to Major Clark, in which he argued that Delliponti retaliated against him for filing grievances by not paying him for work he had completed and by taking away his $0.42/hour pay grade. (*Id.* at 28.)

As relief, Marsh requests that his $0.42 pay grade be reinstated and that he be compensated for all pay that he lost by being removed from his job, which totals approximately $797.46. (*Id.* at 6.) Marsh also states that punitive damages "need[] to be pondered upon with the help of an attorney-wisdom [and] grace of the Court." (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Marsh leave to proceed *in forma pauperis* because it appears that he

2

is not capable of paying the fees to commence this civil action.[2] Accordingly, Marsh's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* As Marsh is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Court construes Marsh's Complaint to be raising due process and retaliation claims against the Defendants. For the reasons set forth below, Marsh's Complaint fails to state a claim for relief at this time.

### A. Claims Against Superintendent Cynthia Link

Marsh has not stated a claim against Superintendent Link. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. There are "two general ways in which a supervisor-defendant may be liable for

---

[2] However, because Marsh is a prisoner, he will be obligated to pay the $350.00 filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id*. (quotations omitted).

It appears that Marsh seeks to hold Superintendent Link liable based on her involvement in the review of his grievances and his misconduct appeal. However, "[t]he failure of a prison official to provide a favorable response to an inmate grievance is not a federal constitutional violation." *Gordon v. Vaughn*, No. Civ. A. 99-1511, 1999 WL 305240, at *2 (E.D. Pa. May 12, 1999); *see also Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (per curiam) (concluding that dismissal of claims against defendants regarding "their involvement in the post-incident grievance process" was proper). Accordingly, Marsh cannot maintain a claim against Superintendent Link based on her involvement in the grievance process. Marsh's claims against this Defendant will therefore be dismissed without prejudice and with leave to file an amended complaint in the event he can allege facts that would state a claim under the law explained above.

### B. Claims Against Melissa Delliponti

#### 1. Loss of Job

Marsh suggests that Delliponti violated his Fourteenth Amendment due process rights, as well as his rights under the Eighth Amendment, by removing him from his job in the kitchen

4

prior to his disciplinary hearing. Inmates, however, do not have a constitutional right to employment during incarceration. *See Watson v. Sec'y Pa. Dep't of Corr.*, 567 F. App'x 75, 78 (3d Cir. 2014) (per curiam) ("Inmates do not have a liberty or property interest in their job assignments that would give rise to Due Process Clause protection.") (citing *James v. Quinlan*, 866 F.2d 627, 629 (3d Cir. 1989))); *Fiore v. Holt*, 435 F. App'x 63, 68 (3d Cir. 2011) (per curiam) ("[P]risoners enjoy no protected interest in prison employment."). Thus, Marsh cannot maintain a due process claim based on the fact that he was fired from his job. Likewise, Marsh's Eighth Amendment claim fails "[b]ecause a prison job is not one of life's necessities." *Watson*, 567 F. App'x at 78.[3]

Marsh also vaguely suggests that his Fourteenth Amendment equal protection rights were violated when Delliponti removed him from his job. To state an equal protection claim on a "class of one" theory, "a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008). Nowhere in Marsh's Complaint, however, does he set forth facts suggesting that he was treated differently from similarly situated inmates. Thus, his allegation is an undeveloped conclusion. While Marsh is not required to "identify in the complaint specific instances where others have been treated differently," *id.* at 245, his allegations are too vague to move his complaint from the conceivable to plausible. *See Mann v. Brenner*, 375 F. App'x 232, 238 (3d Cir. 2010). However, Marsh will be granted the opportunity to file an amended complaint to allege facts to support this claim.

---

[3] Marsh also suggests that Delliponti's actions violated several Department of Corrections' policies. (Compl. at 5.) However, "a violation of prison regulations in itself is not a constitutional violation." *Tennille v. Quintana*, 443 F. App'x 670, 672 n.2 (3d Cir. 2011) (per curiam).

5

### 2. Retaliation

It also appears from the Complaint, and the exhibits attached thereto, that Marsh seeks to assert a retaliation claim against Delliponti. Marsh suggests that Delliponti failed to pay him for work he performed prior to losing his job and downgraded his pay scale in retaliation for filing grievances about her. It is unclear from the Complaint, however, whether these events occurred before or after Marsh filed his grievances. The Court will provide him the opportunity to file an amended complaint to allege facts that would support a claim.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Marsh leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Marsh will be granted leave to file an amended complaint. A separate Order follows.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**
_____
**CYNTHIA M. RUFE, J.**